**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

---

| | |
|---|---|
| SHIVA STEIN, Individually and on Behalf of All Others Similarly Situated, : :<br>: Plaintiff, :<br>:<br>v. :<br>:<br>BAZAARVOICE, INC., THOMAS J. :<br>MEREDITH, GENE AUSTIN, CRAIG A. :<br>BARBAROSH, KRISTA BERRY, STEVE H. :<br>BERKOWITZ, JEFFREY HAWN, and :<br>ALLISON M. WING, :<br>:<br>Defendants. : | Civil Action No. _____<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMANDED** |

---

# CLASS ACTION COMPLAINT

Shiva Stein ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.  This is a class action brought by Plaintiff on behalf of herself and the other ordinary stockholders of Bazaarvoice, Inc. ("Bazaarvoice" or the "Company"), except Defendants (defined below) and their affiliates, against Bazaarvoice, the members Bazaarvoice's board of directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Bazaarvoice and certain affiliates of Marlin Equity Partners ("Marlin").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading proxy statement (the "Proxy") to be filed on December 26, 2017 with the SEC and disseminated to Company stockholders.  The Proxy recommends that Company stockholders vote in favor of a proposed transaction whereby Bazaarvoice will merge with and into BV Merger Sub, Inc. ("Merger Sub"), a wholly owned subsidiary of BV Parent, LLC ("Parent"), which is beneficially owned by affiliates of Marlin, with the Company continuing as a wholly owned subsidiary of Parent (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement") each Bazaarvoice common share issued and outstanding will be converted into the right to receive $5.50 in cash (the "Merger Consideration").

3.      As discussed below, the consideration Bazaarvoice stockholders stand to receive in connection with the Proposed Transaction and the process by which Defendants propose to consummate the Proposed Transaction are fundamentally unfair to Plaintiff and the other common stockholders of the Company.  Defendants have now asked Bazaarvoice's stockholders to support the Proposed Transaction in exchange for inadequate consideration based upon the materially incomplete and misleading representations and information contained in the Proxy, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.  The financial projections were also utilized by Bazaarvoice's financial advisor, GCA Advisors, LLC ("GCA Advisors"), in conducting the valuation analyses in support of the fairness opinion.

4. The special meeting of Bazaarvoice stockholders to vote on the Proposed Transaction is scheduled for January 29, 2018. It is imperative that the material information that has been omitted from the Proxy is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Bazaarvoice's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Bazaarvoice in incorporated in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Bazaarvoice common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Thomas J. Meredith ("Meredith") has served as Chairman of the Board since August 2011 and as a director of the Company since 2010.

11. Individual Defendant Gene Austin ("Austin") has served as Chief Executive Officer since February 2014 and as a director of the Company since November 2013.

12. Individual Defendant Craig A. Barbarosh ("Barbarosh") has served as a director of the Company since September 2017.

13. Individual Defendant Krista Berry ("Berry") has served as a director of the Company since April 2017.

14. Individual Defendant Steve H. Berkowitz ("Berkowitz") has served as a director of the Company since October 2015.

15. Individual Defendant Jeffrey Hawn ("Hawn") has served as a director of the Company since April 2015.

16. Individual Defendant Allison M. Wing ("Wing") has served as a director of the Company since April 2017.

17. Defendant Bazaarvoice is incorporated in Delaware and maintains its principal offices at 10901 Stonelake Boulvevard, Austin, Texas 78759. The Company's common stock trades on the NASDAQ under the symbol "BV".

18. The defendants identified in paragraphs 10-17 are collectively referred to as the "Defendants".

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on her own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all holders of Bazaarvoice common stock who are being and will be harmed by Defendants' actions described below (the "Class").

Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants or Marlin.

20.     This action is properly maintainable as a class action for the following reasons:

(a)     The Class is so numerous that joinder of all members is impracticable. As of December 7, 2017, there were 86,089,570 outstanding shares of Bazaarvoice common stock. The holders of these shares are believed to be geographically dispersed through the United States;

(b)     There are questions of law and fact which are common to the Class and which predominate over questions affecting individual Class members. The common questions include, *inter alia*, the following:

   i.   Whether Defendants have violated Section 14(a) of the Exchange act and Rule 14a-9 promulgated thereunder;

   ii.  Whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

   iii. Whether Plaintiff and the other members of the Class would suffer irreparable injury were the Proposed Transaction consummated as presently anticipated.

(c)     Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class;

(d)     Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class;

(e)     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class; and

(f) Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## SUBSTANTIVE ALLEGATIONS

**A.     The Proposed Transaction Undervalues Bazaarvoice**

21.     Bazaarvoice develops software solutions across several industries capturing consumer-generated content in order for its clients to leverage that information to improve marketing effectiveness, increase success of new product launches, improve existing products and services, effectively scale customer support, decrease product returns, reach consumers when actively shopping via highly targeted audience advertising, and enable retailers to launch and manage on-site advertising solutions and site monetization strategies.  The Company was founded in 2005 with principal offices in Austin, Texas with offices across North America and Europe.

22.     The Merger Consideration undervalues the Company's shares in light of its recent financial performance and prospects for future growth.  More specifically, since reporting positive EBITDA in 2016, the Company has reported quarterly EBITDA growth rates in double- and triple-digits.  Moreover, for the first two quarters of the Company's 2017 fiscal year, the Company reported earnings per share that exceeded market estimates.

23.     Accordingly, the Company is well-positioned for financial growth and the Merger Consideration fails to adequately compensate Company stockholders by cutting off their ability to benefit from the Company's continued growth.

24.     Despite the inadequate Merger Consideration, the Board has agreed to Proposed Transaction.  It is therefore imperative that Bazaarvoice's stockholders are provided with the material information that has been omitted from the Proxy, so that they can meaningfully assess

whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

B. **The Materially Incomplete and Misleading Proxy**

25. On December 26, 2017, Bazaarvoice filed the Proxy with the SEC in connection with the Proposed Transaction. The Proxy was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Proxy before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Proxy misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

26. With respect to the two sets of financial projections disclosed in the Proxy, the July Management Projections and the October Management Projecting (pages 52-54 of the Proxy), the Proxy fails to provide material information.

27. Specifically, the Proxy provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics such as (1) Adjusted EBITDA, (2) Free Cash Flow, and (3) Unlevered Free Cash Flow, but fails to provide: (i) the line items used to calculate these non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a). Proxy 54.

28. First, the Proxy defines Adjusted EBITDA as "GAAP net loss adjusted for stockbased expense, contingent consideration related to acquisitions, depreciation and amortization (including amortization of capitalized internal-use software development costs), restructuring charges, out of period sales tax refunds, integration and other costs related to

acquisitions, other non-business costs and benefits, income tax expense and other (income) expense, net." Proxy 53. However, the Proxy fails to provide the values of any of these line items, and fails to reconcile Adjusted EBITDA to its most comparable GAAP equivalent. Proxy 53.

29. Second, the Proxy defines Free Cash Flow as "Adjusted EBITDA adjusted for an amount equal to the Company's projected estimate of aggregate increases in net working capital, cash taxes, capitalized internal use software and increases in property, plant and equipment." Proxy 53. However, the Proxy also fails to provide the value of any of these line items, and fails to reconcile Free Cash Flow to its most comparable GAAP equivalent. Proxy 53. The failure of the Company to reconcile Adjusted EBITDA, as explained above, makes it impossible for stockholders to reconcile Free Cash Flow as well.

30. Third, the Proxy discloses that "management prepared an adjusted calculation of unlevered free cash flow that was derived by subtracting separate estimated projected amounts for increases in net working capital, cash taxes, capitalized internal use software and increases in property, plant and equipment rather than an aggregate estimated projected amount." Proxy 54. Despite disclosing that the Board relied upon unlevered free cash flows ("UFCF"), which were prepared by the Company using "separate estimated projected amounts" for several key line items, the Proxy fails to disclose those line items or reconcile UFCF to its most comparable GAAP equivalent measure.

31. When a company discloses non-GAAP financial measures in a proxy statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP

8

measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

32. Thus, to cure the Proxy the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information on pages 53-54, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures. At the very least, the Company must disclose the line item forecasts for the financial metrics that were used to calculate the aforementioned non-GAAP measures. Such forecasts are necessary to make the non-GAAP forecasts included in the Proxy not misleading.

33. Indeed, the Defendants acknowledge the misleading nature of non-GAAP forecasts as stockholders are cautioned: "These financial measures are not meant to be considered in isolation or as a substitute for the comparable GAAP measures . . . ." Proxy 53.

34. Stockholders require this material since the Board's unanimous recommendation that stockholders vote in favor of the Proposed Transaction was based, in part, on the following:

- *Business and Financial Condition.* The Board of Directors considered the Company's historical and projected business, industry, markets, financial performance and condition and its prospects.

  \*\*\*

- *Risks and Uncertainties.* […] that the achievement of the Company's standalone plan has and would continue to require significant changes in the Company's business and personnel and the risks and uncertainties of the impacts of these changes on the Company's performance and its ability to achieve the plan;

  \*\*\*

- *Management Projections.* The Board of Directors considered forecasts for the Company prepared by Company management, which reflect an application of various assumptions of the Company's senior management. The Board of

>Directors considered the inherent uncertainty of attaining management's forecasts, including those set forth in "—Management Projections," and that due to such uncertainty the Company's actual financial results in future periods could differ materially from management's forecasted results.

Proxy 40-42.

35. In sum, the omission of the above-referenced information renders statements in the Proxy materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff and the other members of the Class will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff and the Class Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

36. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that Proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

38. Defendants have issued the Proxy with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Proxy and the use of their name in the Proxy, which fails to provide critical information regarding, amongst other things: the financial projections that were prepared by the

Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

39. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

40. Defendants were, at the very least, negligent in preparing and reviewing the Proxy. The preparation of a proxy statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Proxy or failing to notice the material omissions in the Proxy upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

41. The misrepresentations and omissions in the Proxy are material to Plaintiff and the Class, who will be deprived of their right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff and the Class Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

42. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Bazaarvoice within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Bazaarvoice, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Bazaarvoice, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Bazaarvoice, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Proxy.

46. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

47. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff and the Class will be irreparably harmed.

49. Plaintiff and the Class have no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and in favor of the Class and against the Defendants jointly and severally, as follows:

A. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative and her counsel as Class Counsel;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff and the Class rescissory damages;

D. Directing the Defendants to account to Plaintiff and the Class for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: January 8, 2018

Respectfully submitted,

**FARUQI & FARUQI, LLP**

**OF COUNSEL:**

Gregory M. Nespole
Gloria Kui Melwani
Kevin G. Cooper
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Tel: 212-545-4600
Fax: 212-686-0114
Email: gmn@whafh.com
Email: melwani@whafh.com
Email: cooper@whafh.com

By: */s/ Michael Van Gorder*
Michael Van Gorder (#6214)
20 Montchanin Road, Suite 145
Wilmington, DE 19807
Tel.: (302) 482-3182
Email: mvangorder@faruqilaw.com

*Counsel for Plaintiff*

*Counsel for Plaintiff*